IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RACHEL BOOKER, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. |
| | : **5:04-CV-379 (RLH)** |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed an application for disability, Disability Insurance benefits, and Supplemental Security Income benefits on March 8, 2001; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on March 2, 2004. In a decision dated March 17, 2004, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of degenerative joint disease of the right knee and morbid obesity, but that plaintiff retained the residual functional capacity to perform a significant range of light work limited to an ability to sit or stand at will, requiring no more than occasional climbing, kneeling, crouching, or crawling.

*1. Obesity*

Plaintiff alleges the ALJ failed to consider the effects of her obesity on her complaints of knee pain and in assessing her residual functional capacity. Specifically, plaintiff claims that the combined effects of her obesity with her right leg and knee problems are greater than just the obesity alone, and the ALJ erred in failing to consider obesity as a limitation of function in accordance with SSR 02-1p.

Social Security Ruling 02-1p requires the Commissioner to consider obesity at each step of the five-step evaluation process. Here, the ALJ considered plaintiff's obesity to be a "severe" impairment. He took into account plaintiff's obesity in assessing her residual functional capacity. "The 'severity' of a medically ascertained disability must be measured in terms of its effect upon the ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Brown, 791 F.2d 1544, 1547 (11th Cir. 1986).

The fact that plaintiff has been found morbidly obese does not in and of itself require a finding of disability.  The ALJ considered and took into account the effect of plaintiff's obesity in combination with her knee pain in finding that she was limited to light work with the ability to sit and stand at will.  He also considered the combination of the impairments in assessing that plaintiff was limited to no more than occasional climbing, kneeling, crouching, or crawling.

## 2. *Credibility*

Plaintiff contends that te ALJ failed to apply SSR 03-2p regarding Reflex Sympathetic Dystrophy Syndrome (RSDS) in evaluating plaintiff's ability to perform substantial work activity, and thus inappropriately discounted plaintiff's complaints of disabling pain.

However, plaintiff fails to cite to any evidence in the record reflecting that RSDS was diagnosed by a physician, nor does the record reflect a diagnosis of RSDS by any medical source. By arguing that the ALJ should have evaluated plaintiff's ability to work in light of RSDS, plaintiff essentially argues that the ALJ should have considered RSDS when no diagnosis was ever made.

As to plaintiff's credibility determination,  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about

the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

   A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility.  "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

   Jeffrey Fried, M.D., evaluated plaintiff on a consultative basis and found crepitus in both knees but no effusion (Tr. 317). Dr. Fried further observed that plaintiff had a partial lateral meniscectomy of the right knee and some residual weakness, along with some mild arthritic changes in the right knee (Tr. 317). Although Dr. Fried did note that plaintiff's knee problem would make squatting, kneeling or crawling difficult, he did not indicate that plaintiff was unable to do those things (Tr. 317). Regardless, the ALJ accounted for these limitations in the RFC finding by finding that plaintiff could only occasionally climb, kneel, crouch and crawl (See Tr. 16-17).

   As the ALJ noted, plaintiff reported performing daily activities such as shopping, visiting friends and family, attending church on a regular basis, cooking, performing household chores and dining in restaurants. (Tr. 15, 95, 98, 108, 110, 111, 161, 162). See 20 C.F.R. §§

404.1529(c)(3), 416.929(c)(3) (plaintiff's daily activities are relevant factors considered in evaluating subjective symptoms such as pain); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987).  Plaintiff's ability to perform these activities significantly contradicts her allegations of disabling pain.

Further, as the ALJ noted, the discrepancies between plaintiff's statements and other evidence provide substantial evidence undermining the credibility of her allegations (Tr. 15, 16). See 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (noting that in evaluating a claimant's subjective statements, consideration also must be given to any conflicts between the claimant's statements and the rest of the evidence); ("The ALJ's task is to examine the evidence and resolve conflicting reports."); McCray v. Massanari, 175 F. Supp. 2d. 1329, 1338 (N.D. Ala. 2001) ("the ALJ is entitled to consider inconsistencies between a claimant's testimony and the evidence in the record"). The ALJ noted that plaintiff testified that she weighed 230 pounds and did not diet or exercise (Tr. 15, 446-47). However, upon further examination plaintiff acknowledged that she did perform some stretching exercises about twice a week (Tr. 15, 454-55).  Further, as noted above, plaintiff reported performing daily activities such as cooking baked meats and vegetables, dining in restaurants and attending church on a regular basis. (Tr. 15, 95, 96, 108, 110, 162). However, during the hearing she testified that she did not go to restaurants, did very little cooking and attended church "very little" (Tr. 456, 457).

In addition, as noted by the ALJ, plaintiff's minimal use of prescription pain medication, particularly prior to 2000, further undermines her allegations of disabling pain (Tr. 16, 165, 166). See 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); Harwell v. Heckler, 735 F.2d 1292, 1293 (11th Cir. 1984).

*3. Treating Physician*

Plaintiff asserts the ALJ erroneously disregarded the opinion of plaintiff's treating physicians without articulating adequate reasons.

The Eleventh Circuit Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See  Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."   MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).

"The opinions of nonexamining, reviewing physicians, ... when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir.1987).   A consultative examination is not to be given greater weight than the opinion of a treating physician.  Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).  However, a treating physician's opinion may be discounted if it is not accompanied by objective medical evidence or is wholly conclusory.  Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

Dr. Phillips opined that plaintiff was disabled and unable to work (Tr. 380-381, 433), and that medications, injections, and bracing have not alleviated plaintiff's right knee pain.  (Tr. 440). Dr. Fried opined that plaintiff was very limited in her ability to stand or walk and has great difficulty squatting, kneeling, or crawling, and has a limited range of motion in her neck.

The ALJ articulated that he did not find Dr. Phillips opinion persuasive in light of the fact that the objective medical evidence does not support his findings.  The ALJ is permitted to discount

7

a physician's report when it is not accompanied by objective medical evidence. *See* <u>Edwards v. Sullivan</u>, 937 F.2d 580, 583 (11th Cir. 1991). The weight afforded a physician's conclusory statements regarding a claimant depends upon the extent to which the statements are supported by clinical or laboratory findings and are consistent with other evidence of record. *See* <u>Wheeler v. Heckler</u>, 784 F.2dd 1073, 1075 (11th Cir. 1986); *see also* 20 C.F.R. § 416.927(d)(3) (the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.)

Under the regulations, the Commissioner is ultimately "responsible for making the determination or decision about whether [the claimant] meet[s] the statutory definition of disability. . . . A statement by a medical source that [the claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." 20 C.F.R. §§ 404.1527(e), 416.927(e). Even when offered by a treating source, opinions determining that an individual is disabled "can never be entitled to controlling weight or given special significance." SSR 96-5p.

The ALJ chose not to give significant weight to Dr. Phillip's opinion that plaintiff was disabled because the opinion was inconsistent with Dr. Phillips own medical records and with longitudinal medical records (Tr. 16, 317, 321-28, 344- 51, 358). William S. Hutchings, M.D., who evaluated Plaintiff in June 1999, found that Plaintiff had a normal range of knee flexion and extension (Tr. 266). Further, the state agency physicians opined that plaintiff could perform a medium range of work with occasional climbing, kneeling, crouching and crawling and frequent balancing and stooping (Tr. 323, 346). Also, records from the Medical Center of Central Georgia, dated August 25, 2003, reflected that plaintiff had only minimal degenerative joint

8

disease (Tr. 358).

The ALJ clearly took into account Dr. Fried's evaluation (See Tr. 15). The ALJ noted that Dr. Fried, who examined plaintiff on a consultative basis, observed crepitus but no significant effusion (Tr. 15, 317). Dr. Fried concluded that plaintiff's "knee problem would make it difficult for her to do any squatting, kneeling or crawling" (Tr. 317). Further, he noted that she would have difficulty standing or walking for more than about 15 minutes at a time for a total of about 3 hours per day (Tr. 317). The ALJ accounted for these limitations in the RFC assessment by finding that Plaintiff would have to be able to sit and stand at will and be limited to no more than occasional climbing, kneeling, crouching or crawling (Tr. 17). The ALJ's RFC determination was consistent with Dr. Fried's report (Tr. 15, 317).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.

**SO ORDERED**, this 22nd  day of March, 2006.

              //S Richard L. Hodge
              RICHARD L. HODGE
              UNITED STATES MAGISTRATE JUDGE

msd